UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>NICHOLAS J. PARSH, )<br>)<br>Defendant ) | Cause No.  4:13-cr-25-SEB-VTW |

**MAGISTRATE JUDGE=S REPORT AND RECOMMENDATION**

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, U.S. District Court Judge, on November 6, 2015 (Dkt. 69), designating the Magistrate Judge to conduct a hearing on the Petition for Summons for Offender Under Supervision filed with the Court on October 29, 2015 (Dkt. 66), and to submit to Judge Barker  proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. ''3401(i) and 3583(e) and (g).  An Initial Hearing in this matter was held on November 30, 2015, and disposition proceedings were held on February 11, 2016, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. '3583.  The defendant, Nicholas J. Parsch, appeared in person with CJA counsel, Jennifer Culotta.  The government appeared by Todd Shellenbarger, Assistant United States Attorney.  U.S. Probation appeared by Ross Carothers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1  *Federal Rules of Criminal Procedure* and 18 U.S.C. '3583:

1

1. On November 30, 2015, Jennifer Culotta was present for the initial hearing and was appointed by the Court to represent Nicholas J. Parsch regarding the pending Petition on Offender Under Supervision.

2. A copy of the Petition on Offender Under Supervision was provided to Mr. Parsch and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. At that time the defendant by counsel stated his readiness to waive the preliminary examination and detention hearing and proceed with the revocation hearing.

4. The parties then advised the Court they had reached an agreement as to a recommended disposition which they wished to submit to the Court.

5. The parties stipulated the following in open Court:

   (a) As to Violation Numbers 1 through 9 of the Petition for Offender Under Supervision[1], the defendant admitted in open Court that he had violated these conditions.

   (b) The defendant shall remain on Supervised Release conditions as previously ordered including, attending sex offender treatment and substance abuse classes.

   (c) A Final Revocation hearing should be held after 60 days.

6. The Court then proceeded to a revocation hearing upon the allegations of alleged violations of the Terms of Supervised Release, particularly as set out in Violation Numbers 1 through 9 of said Petition. The Court placed Mr. Parsch under oath and inquired of him whether he admitted to the specifications alleged in the Petition on Offender Under Supervision, and Mr.

---

1 The Court notes that there is no violation number 7 in the Petition. However, the Court will continue to refer to the Violations as number 1-9 in this Order.

Parsch admitted the violations contained in Violation Numbers 1 through 9. The Court specifically inquired of Mr. Parsch whether he was making these admissions voluntarily and free from any duress, promises or undue influence. The Court further advised Mr. Parsch that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Mr. Parsch answered in the affirmative. The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Numbers 1 through 9.

The violations are summarized as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |
| 2 | **"The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense."** |
| 3 | **"The defendant shall register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school."** |
| 4 | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."** |
| 5. | **"The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer."** |
| 6. | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, or distribute, or administer any controlled** |

>> substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."

> **8.** The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment."

> **9.** "The defendant shall not possess any pornography, erotica or nude images. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer."

7. The Court set the Final Revocation hearing for January 29, 2016 at 1:30 P.M.

8. Due to a conflict on the Court's calendar, the Final Revocation Hearing was reset for January 27, 2016 at 11:00 A.M.

9. On January 27, 2016 counsel for the defendant filed a motion to continue the Final Revocation Hearing, which was granted. The Final Revocation Hearing was reset for February 11, 2016 at 2:00 P.M.

10. On February 11, 2016, Mr. Parsch appeared with CJA counsel, Jennifer Culotta, at the scheduled violation hearing.

11. The parties informed the Court that they have reached an agreed disposition:

   (a) The defendant previously admitted Violations 1-9.

   (b) The defendant has been in compliance with the terms of supervision.

   (c) The parties recommend no sanctions for the violations.

   (d) The defendant will remain on supervised release until September 18, 2019 under the same terms and conditions previously imposed.

12. Based on the information available to the Court, the Court further finds the following:

(1) Mr. Parsch has a relevant criminal history category of I.  *See,* U.S.S.G. ▪7B1.4(a).

(2) The most serious grade of violation committed by Mr. Parsch constitutes a Grade B violation, pursuant to U.S.S.G. ▪7B1.1(b).

(3) Pursuant to U.S.S.G. ▪7B1.4(a) and (b)(3)(A), upon revocation of supervised release, the range of imprisonment applicable to Mr. Parsch is 4-10 months.

(4) The appropriate disposition for Mr. Parsch's violation of the conditions of supervised release is as follows:

(a) Defendant shall not be subject to any sanctions.

(b) The Defendant shall be returned to supervised release until September 18, 2019 under the same terms and conditions previously imposed.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release as set forth in Violation Numbers 1 through 9 of the Petition.  The defendant shall remain on supervised release with the same terms and conditions previously imposed.

The Magistrate Judge requests that Ross Carothers, U.S. Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of fact, conclusions of law and recommendation.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation regarding Mr. Parsch's violation of supervised release.

**IT IS SO RECOMMENDED** this 12th day of February, 2016.

_____
VAN WILLIS
United States Magistrate Judge
Southern District of Indiana

Distribution to all electronically registered counsel via CM/ECF